RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/21/12

IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be through documents filed with the Clerk of Court.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

VINCENT MICHAEL MARINO     CIVIL ACTION NO. 1:12-1239

VERSUS

UNITED STATES     JUDGE DEE D. DRELL
    MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the pro se lawsuit initiated by Vincent Michael Marino (Marino) on August 29, 2011 in the District of Columbia (Doc. 1). On May 9, 2012, pursuant to an order granting the government's motion to transfer, the case was transferred to the Southern District of West Virginia (Doc. 10, 11). The case was transferred again on May 15, 2012 and was sent to this court for handling and decision (Doc. 17).

On July 19, 2012, Marino filed a complaint with this court on a civil rights form (Doc. 29). A review of the allegations in this complaint along with the complaints filed in the other district courts show Marino's claims are negligence claims filed pursuant to the Federal Torts Claim Act (FTCA). Accordingly, the claim is construed as such.[1]

---

[1] Marino clarifies in his opposition that the claims asserted are negligence claims for breach of duty by Bureau of

On September 24, 2012, the United States filed a motion to dismiss for lack of jurisdiction (Doc. 34). Marino filed an opposition thereto on October 15, 2012 (Doc. 36). Both the motion and opposition are before the undersigned for report and recommendation.

## Factual Background

Marino alleges that on or about August 10, 2010, while incarceration at United States Penitentiary in Pollock, Louisiana (USP Pollock),[2] BOP employee, Jodi Wampler (Wampler), negligently confiscated a stamped, certified mail envelope containing legal mail. Wampler also confiscated a stack of court documents and legal work. Although Marino received a receipt for the documents, they were never returned. All of the aforementioned conduct took place at the direction and with the approval of the then warden, Warden Sherrod.

For relief, Marino seeks $100,000, the return of the confiscated documents and envelope containing $6.00 in postage, and any other relief deemed appropriate by the Court.[3]

---

Prisons (BOP) employees who were acting in the course and scope of employment at the time his documents were confiscated.

[2] Marino is currently incarcerated at Federal Corrections Institute McDowell in West Virginia. At all times relevant to the allegations in his complaint, he was incarcerated at USP Pollock.

[3] Marino also seeks the appointment of independent counsel, an order from the court mandating he undergo an MRI to determine the location of the implanted devices and removal thereof and an order stating whether the implanted devices have and/or are irreparably harming him. In the event such orders are obtained,

Law and Analysis

Under the FTCA, the United States is liable for those personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. §1346(b). While the FTCA permits a state law tort action to be brought against the United States, it does not create a cause of action against individual defendants acting within the scope of their employment. The cause of action must be brought exclusively against the United States. 28 U.S.C. §2679(b); see also McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) citing Atoire Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991). However, 28 U.S.C. §2680(c) provides in pertinent part: "[t]he provisions of the [FTCA] shall not apply to ... any claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer...."

The Fifth Circuit has held that BOP employees are "law enforcement officer[s]" for the purpose of §2680(c). Chapa v. United States Dept. of Justice, 339 F.3d 388, 390 (5th Cir. 2003). In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), the Supreme Court affirmed the dismissal of a federal prisoner's FTCA claim in which he sought monetary damages for personal property lost during his transfer. The Court held that the prisoner's claim

---

Marino also seeks the right to amend or supplement his lawsuit and seek $300,000,000 in damages.

was barred by the exception contained at 28 U.S.C. §2680(c). The Court also confirmed the phrase "any other law enforcement officer" included BOP officers. Ali, 552 U.S. at 217, 228.

Marino's claims arise in respect of the detention of property by a law enforcement officer. As the United States has not waived sovereign immunity for such FTCA claims, neither this nor any other federal court possess jurisdiction to adjudicate the matter. Accordingly,

## Conclusion

IT IS RECOMMENDED that the United States' motion to dismiss (Doc. 34) be GRANTED and Marino's FTCA claim be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

4

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this 21st day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE